HILL v. CRATER.

Opinion delivered December 22, 1930.

H. K. Toney, for appellant.

E. W. Brockman, for appellee.

1008

McHANEY, J. Appellant brought this action against appellees, Fred Crater, Allen Jones, Will Robison and John H. Smith, on the following complaint:

"Comes the plaintiff for his cause of action herein alleges that he is the legal pastor of the Pine Hill Colored Baptist Church, which church is located on Spruce Street immediately north of Pine Bluff, and that he has been the pastor of said church for the last past fifteen years.

"That on the 9th day of September, 1929, the above defendants assembled at the door of the above-named church just before the hour of services and when the pastor arrived he was prevented from entering said church by said defendants and from holding services. That said defendants threatened plaintiff, and when it was apparent that said services could not be held without a breach of the peace and a disturbance of the religious worship the congregation was prevented from holding services.

"That, unless the defendants are restrained and enjoined from interfering with the plaintiff and the members of his congregation, it will be impossible to hold services in the future, and the plaintiff will suffer irreparable injury. That the said defendants are insolvent. That said plaintiff has no adequate remedy at law herein.

"That said church is indebted to plaintiff in the sum of $800 and under plaintiff's contract with said congregation he has a right to remain the pastor of said church until said money is paid, and that he has a lien on said church to secure the payment of the above-mentioned debt.

"Wherefore, premises considered, plaintiff prays that a temporary restraining order be issued restraining and enjoining the defendants and all other persons from interfering with plaintiff in any manner as the pastor of the above-mentioned church and that upon a final hearing said injunction be made permanent.

"But, in case the court should find that a permanent injunction should not be granted, then plaintiff asks judg-

ment herein in the sum of $800, and that the same be declared a lien on said church, and for all other proper and equitable relief."

To this complaint a demurrer was interposed and sustained. Appellant declined to plead further, and his complaint was dismissed for want of equity.

The court correctly sustained the demurrer as the complaint failed to state a cause of action. Appellant alleges that he is the legal pastor of the Pine Bluff Colored Baptist Church and he seeks to enjoin the appellees, who, so far as the complaint discloses, are not connected with said church either as officers or members, from interfering with him as pastor. He alleges that they had prevented him from holding services, which might amount to a misdemeanor, such as disturbing the peace, but chancery court will not ordinarily enjoin the commission of a crime. *Lyric Theatre* v. *State*, 98 Ark. 437, 136 S. W. 134, 33 L. R. A. (N. S.) 325.

The final allegation is directed against the Pine Hill Baptist Church, and is to the effect that the church is indebted to him, that under his contract with the church he has the right to remain the pastor until the debt is paid, and that he has a lien on the church to secure the debt. But the Pine Hill Baptist Church is not a party to the action. It has not been sued, nor served, and of course the court could not render a judgment against it or declare or enforce a lien on its property, as it had no jurisdiction of the person against whom judgment was sought.

Affirmed.